

Signed and Filed: January 14, 2016



**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| JOSEPH MICHAEL CAGNO, | ) No. 13-32070DM ) |
| | ) Chapter 7 |
| Debtor. | ) |
| DAVID STURGEON-GARCIA, | ) Adversary Proceeding |
| | ) No. 13-03258DM |
| Plaintiff, | ) |
| v. | ) |
| JOSEPH MICHAEL CAGNO, | ) |
| Defendant. | ) |

MEMORANDUM FOLLOWING ORAL RULING

On January 12, 2016, the court issued an oral ruling following presentation of Plaintiff's case-in-chief. That ruling was in response to an oral motion by Defendant, Joseph Michael Cagno ("Cagno"), for a judgment on partial findings pursuant to Fed. R. Civ. P. 52(c), incorporated by Fed. R. Bankr. P. 7052. That rule provides that if a party has been fully heard on an issue during a non-jury trial, and the court finds against the party on that issue, it may enter judgment. A judgment so entered must be supported by findings of fact and conclusions of law, as

provided in Fed. R. Civ. P. 52(a), which in turn permits findings and conclusions to be stated orally on the record after the close of evidence.

In making its ruling in favor of Cagno, the court did not specifically state that its narrative constituted its findings and conclusions. This Memorandum is to make clear to the parties that the oral ruling constituted the court's findings and conclusions and to elaborate on the court's reasoning.

Throughout the long history of this adversary proceeding Plaintiff's theory, in part, has been based upon a Superior Court stipulated judgment in favor of Stanley Carnekie ("Carnekie"), Plaintiff's assignor, against Cagno. That judgment established conclusively that Cagno admitted to the facts as alleged in the complaint. But the Superior Court, before entering the judgment, noted that the damages reflected in the stipulated judgment "do not relate to any claim of fraud." When the court asked, "Have I got that correct?", Carnekie's counsel, David Sturgeon-Garcia, now Carnekie's assignee, answered, "Yes, your Honor." Cagno's counsel then noted "... that there's no secret that this matter is going to find its way into the bankruptcy court. That's why it's important we have a clear record and a complete record." (Defendant's Ex. E).

This court believes that when the Superior Court entered the stipulated judgment, the colloquy among the court and counsel was sufficient to establish that the fraud elements of Carnekie's claims against Cagno were excluded by the Superior Court and thus left property subject to adjudication by this court in Cagno's subsequent bankruptcy.

The elements thus established in the Superior Court did not include elements (3) and (4) of the following elements which a creditor must prove in order to preclude discharge of a particular debt under 11 U.S.C. § 523(a)(2):

(1) that debtor made the representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representation;

(5) that the creditor sustained the alleged loss and damage as a proximate result of the representation.

*Eugene Parks Law Corp., etc. v. Kirsh (In re Kirsh)*, 973 F.2d 1454 (1992), quoting *In re Britton*, 950 F.2d 602 (9th Cir. 1991), in turn quoting *In re Houtman*, 588 F.2d 651 (9th Cir. 1978).

In its oral ruling this court found as fact that Cagno had not intended to deceive Carnekie. Even if he had so intended, Carnekie, as a matter of fact, did not justifiably rely on any false representations by Cagno.

Plaintiff, representing himself, argued that the reliance test for nondischargeability under 11 U.S.C. § 523(a)(2) is a "reasonable" standard. The court disagrees and concludes that under controlling law, including *Kirsh, supra*, that the reliance must be "justifiable." In *Kirsh* the court discussed at length the elements of justifiable reliance under federal law and parallel provisions of California law. In stating its ultimate holding, the court said:

> Thus, we conclude that a creditor must prove justifiable reliance upon the representations of the debtor. In determining that issue, the court must look to all of the

-3-

>     circumstances surrounding the particular transaction, and
>     must particularly consider the subjective effect of those
>     circumstances upon the creditor.

*Kirsh*, 973 F.2d at 1460.

This court, in finding that there was no justifiable reliance by Carnekie, took into account both his and Cagno's professional experience, particularly in real estate matters, and Carnekie's education. It also observed his demeanor and weighed the credibility of all of his testimony.

The *Kirsh* court noted that the applicable standard is not that of the "average reasonable person" but a more subjective standard which takes into account the knowledge and relationships of the parties. It then commented that in certain situations, more protection might be necessary:

>     "At the same time, the standard does protect the
>     ignorant, the gullible, and the dim-witted, for 'no
>     rogue should enjoy his ill-gotten plunder for the simple
>     reason that his victim is by chance a fool'".

*Kirsh* 973 F.2d at 1458, quoting W. Page Keeton et al, *Prosser and Keeton on the Law of Torts*, § 108 at 749-50 (5th ed. 1984).

In closing argument Plaintiff made brief and vague reference to Carnekie's abilities but nothing in the record suggests that he needed to be protected in some unusual or inconventional way.

Considering all of those factors and the totality of the circumstances surrounding the transactions between Carnekie and Cagno in April, 2000, that give rise to Plaintiff's claim of non-dischargeability and the subjective effect of those circumstances, found that he did not <u>justifiably</u> rely on any untruths stated to him or facts withheld from him by Cagno.

For the reasons stated herein and in the January 12, 2016,

-4-

oral ruling, Cagno's debt on the Superior Court stipulated judgment is discharged, and he is entitled to a judgment so holding.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | David Sturgeon-Garcia |
| | The Law Offices of David Sturgeon-Garcia |
| 3 | 1042 Country Club Dr., Suite A |
| | Moraga, CA 94556 |